IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 10-50237-rlj7 |
| | § | |
| SAMUEL SILVERMAN, Debtor | § | |

MOTION FOR SANCTIONS

1. This is a no asset case.

2. The only property of any significance owned by the Debtor is his homestead.

3. No objections to exemptions was made by the Trustee or any creditor in this case.

Background

4. William Carter, through his attorney John Lovell, filed suit against Samuel Silverman in September of 2005.[1]

5. For five very long years, that litigation has continued resulting in the end of Mr. Silverman's marriage and the filing of this bankruptcy.

6. During that litigation William Carter through John Lovell, served upon and received responses to: Requests for Disclosure, Interrogatories, Requests for Admissions, and Requests for Production of Documents.

7. During that litigation William Carter, through John Lovell, deposed Samuel Silverman (November 15, 2004).

---

[1] In March of 2004, William A Carter, through his attorney John Lovell, filed suit against Elsie Silverman – Samuel Silverman's mother.

8. During Elise Silverman's bankruptcy (Mr. Silverman's mother)[2], William Carter, through John Lovell, conducted a 2004 examination of Samuel Silverman (August 31, 2009).

9. At the meeting of creditors in this case, William Carter, through his attorney Deborah Reeves (one of Mr. Lovell's associates) questioned Mr. Silverman in the presence of a court reporter she retained (June 24, 2010).

10. The Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts was August 23, 2010.

11. On August 20, 2010, William Carter, through Deborah Reeves filed a "Motion to Enlarge Time to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeablility of Certain Debts . . ."

The Frivolous Motion

12. The only basis for the motion provided by Mr. Carter and his attorney is to "explore the Trustee's belief concerning 510 S. Polk Street property, and the transfer to Debtor of Debtor's interest in same."

13. Lest there be any confusion, Mr. Carter and his attorneys refer to the Trustee in Elsie Silverman's bankruptcy case – not this case.

14. Further there is no contention that Mr. Silverman made a fraudulent transfer – but rather that he was the recipient of such a transfer.

15. Finally, neither Mr. Carter nor his attorneys have the power to avoid such a transfer. Only the Trustee in Elsie Silverman's case would have the power of avoidance (if the transfer were fraudulent – which it was not). Any such action would have to be filed in Elsie Silverman's case – not this case, by the trustee in Elsie Silverman's case – not Mr. Carter.

16. Regardless, whether Elsie Silverman's transfer of a building (now his homestead) to Samuel Silverman was fraudulent or not – is irrelevant in this case.

---

[2] Elsie Silverman received her discharge on October 1, 2009.

17. **There are no set of circumstances whereby the *receipt* of property by the debtor can support a denial of discharge pursuant to 11 U.S.C. 527 or 11 U.S.C. 723.**

18. The request to enlarge time and for a 2004 is filed in the wrong case, by the wrong party, at the wrong time, for the wrong purpose.

## Request for Sanctions

19. There is no purpose to the filing of William Carter's motion except to harass the debtor.

20. Mr. Carter and his attorneys have delayed Mr. Silverman's discharge because they purport to be seeking information pertinent to

    A) the purported concerns of another Trustee,

    B) in another case,

    C) in relation to another Debtor.

21. Clearly, there is no provision in the law to support such an abusive action.

22. The Federal Rules of Bankruptcy Procedure Provide:

    (b) Representations to the court

    1. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-

        **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

        **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a

>    nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>    **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
>    . . .

23. The pleading was signed for an improper purpose, to harass the debtor and delay his discharge. The pleading is frivolous and not warranted by the law.

23. The pleading was signed by Deborah Reeves on behalf of William A. Carter. Included in the signature block were John H. Lovell – both on behalf of the firm of Lovell, Lovell, Newsom, Isern, L.L.P.

24. Accordingly, Debtor seeks sanctions against Deborah Reeves, John H. Lovell, William Carter, and the firm of Lovell, Lovell, Newsom, Isern, LLP

### PRAYER

For the foregoing reasons, Debtor respectfully requests that the Court sanction the foregoing and for whatever other relief to which he may be entitled in law or equity.

RESPECTFULLY SUBMITTED

The Condra Law Firm
P.O. Box 2468
Lubbock, Texas 79408
806/741-1859 Tel
806/741-0142 Fax

By:   *Merinda K. Condra*
      Merinda K. Condra
      TSBN 00796387

        Gary D. Condra
        TSBN 04659000
        Attorneys for Debtor

    Certificate of Service

The undersigned hereby certifies that the foregoing was submitted to all parties either by electronic filing or first class mail this 27rd day of August, 2010.

        ***Merinda K. Condra***