U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed November 24, 2010**

---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § | |
| SAMUEL BROWN SILVERMAN, | § § | CASE NO. 10-50237-rlj7 |
| Debtor. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Samuel Silverman's Motion for Sanctions filed in this case on August 27, 2010.  Having duly considered the motion, the Court finds it should be denied.

### BACKGROUND

The history of the dispute between the parties in this case is extensive.  A complete restatement of the past proceedings, both before this Court and various state courts, is unnecessary to resolve the issue at hand.  The essential facts of the instant dispute are as follows:

1

Sam Silverman ("Silverman"), the debtor in this case, filed this Chapter 7 case on May 14, 2010. [Dkt #1]. On August 20, 2010, creditor William Carter ("Carter") filed a motion seeking to enlarge the time to file a complaint objecting to Silverman's discharge or, alternatively, to determine the dischargeability of Silverman's debt to Carter and to conduct a 2004 hearing of Silverman. Carter believes a property transfer made by Silverman might render some or all of Silverman's debts nondischargeable. *See* Carter Motion ¶ 5. Carter's counsel indicated that due to the brevity of his examination of Silverman during the section 341 meeting, more time and another opportunity to examine Silverman are needed in order to determine whether Carter's claims are viable. *See id.* ¶¶ 7-9.

Receipt of these motions prompted Silverman to file a motion for sanctions against Carter's attorneys, Deborah Reeves and John H. Lovell; their firm, Lovell, Lovell, Newsom & Isern, L.L.P.; and Carter himself. The sanctions motion asserts that the law provides no grounds to set aside the transfer at issue, and, as a result, Carter's motions are filed "in the wrong case, by the wrong party, at the wrong time, for the wrong purpose." Debtor's Motion for Sanctions ¶ 18.

A hearing on Silverman's motion was held September 21, 2010. At the hearing, counsel for Silverman stated the motion for sanctions was served electronically upon Mr. Lovell at the same time it was filed with the court.

**LEGAL STANDARD**

The bankruptcy rules provide for sanctions against parties who raise frivolous claims or defenses. *See In re Barnett Marine, Inc.*, 269 Fed.Appx. 534, 536 (5th Cir. 2008). But, "[t]he imposition of sanctions is permissible only after a party has complied with certain procedural safeguards." *Id.* Rule 9011 governs sanctions. In relevant part, the Rule states as follows:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).[1]

FED. R. BANKR. P. 9011(c)(1)(A). The plain language of Rule 9011 mandates that a movant serve the respondent with a copy of the motion *before* filing it with the court. *See In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) (emphasis added) ("We may not disregard the plain language of the statute and our prior precedent without evidence of congressional intent to allow 'substantial compliance' through informal service."). The Fifth Circuit has stated the 21-day "safe harbor" requirement is of particular importance and has construed the provision strictly. *See Barnett Marine.*, 269 Fed.Appx. at 536 (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). There is no indication in Rule 9011, Rule 11, or the advisory notes to support the sanctioning of a party without first serving that party with a copy of the motion at least twenty-one days in advance. *See id.*; *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999) (imposing Rule 11 sanctions without notice and a hearing would constitute an abuse of discretion).

---

[1] Subdivision (b) of Rule 9011 states:

> By presenting to the court . . . a petition, pleading, written motion, or other paper, . . . [a] party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --- (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. BANKR. P. 9011(b).

## CONCLUSION AND ORDER

The law is clear that a motion for sanctions is only properly filed with the court following the expiration of twenty-one days after service of the motion on the counter party. As Silverman failed to serve his motion the requisite time prior to filing it with the Court, Carter and his counsel were not afforded the opportunity to withdraw the alleged improper pleading.

Upon the foregoing, it is hereby

ORDERED that the relief requested by Silverman's motion for sanctions is denied.

### End of Memorandum Opinion and Order ###

.