U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed November 24, 2010**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § | |
| SAMUEL BROWN SILVERMAN, | § § § § | CASE NO. 10-50237-rlj7 |
| Debtor. | § § | |

### MEMORANDUM OPINION AND ORDER

The Court considers the motion of creditor William Carter ("Carter") that requests (1) an order directing the Rule 2004 examination of Sam Silverman ("Silverman"), the debtor, and (2) an extension of time to file a complaint objecting to Silverman's discharge or, alternatively, the dischargeability of certain debts. [Dkt # 22]. Silverman opposes the motion. Having considered the motion, the Court concludes the relief requested should be denied.

### BACKGROUND

Silverman filed a voluntary Chapter 7 petition on May 14, 2010. [Dkt #1]. The section 341 meeting of creditors was held on June 24, 2010. [Scheduled Dkt #6]. The deadline to file a

complaint objecting to Silverman's discharge or dischargeability of certain debts was thus August 23, 2010. [Dkt #6]. Three days before this objection deadline passed, Carter filed the instant motion. [Dkt #20, 22]. The basis for Carter's motion is his belief that certain property Silverman claimed as his exempt homestead was in fact the subject of a fraudulent transfer. *See* Carter Motion ¶ 6. Carter alleges that this transfer may render some or all of Silverman's debts nondischargeable. *See id.* ¶ 5. Carter's counsel contends that due to the brevity of his examination of Silverman during the section 341 meeting, more time and another opportunity to examine Silverman are needed in order to develop this theory. *See id.* ¶¶ 7-9. For this reason, Carter now asks the Court for leave to conduct the examination and, if the facts discovered during the examination validate his concerns, more time to file his complaint objecting to discharge or, alternatively, dischargeability.

Silverman filed a response in opposition to Carter's motion. In his response, Silverman insists Carter's counsel was afforded ample opportunity to examine him. *See* Silverman Response ¶¶ 7-9. Additionally, Silverman contends the law provides no basis to set aside the transaction in question, and as such, Carter's motion is frivolous. *Id.* ¶¶ 13-17.

Hearing on Silverman's motion was held September 21, 2010. At the hearing, upon inquiry from the Court, counsel for Carter advised the Court that he had not previously sought Silverman's examination because he and others in his office were busy working on another case.

## DISCUSSION

Reflected in the Bankruptcy Code's discharge provision is Congress's desire to afford individual Chapter 7 debtors a "fresh start." *See Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1172 (5th Cir. 1991). This fresh start, however, is subject to certain exceptions listed in sections 523 (as to dischargeability of certain debts) and 727 (as to discharge generally) of the Code. *See*

11 U.S.C. §§ 523, 727; *see also id.* Any creditor bringing an action under either section 523 or 727 must follow the procedures outlined in the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 4004(a), 4007(c). These rules require a complaint objecting to discharge or dischargeability be filed no later than sixty days following the first date set for the section 341 meeting of creditors. *Id.* These rules are strictly construed. *See Ichinose*, 946 F.2d at 1172-73 (explaining the policy goal of the bankruptcy process is to provide debtors a fresh start, thus exceptions to discharge must be strictly enforced); *In re Young*, 425 B.R. 811, 815 (E.D. Tex. 2010) (stating a "basic principle of bankruptcy [is] that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start") (internal citation omitted). Any complaint filed outside of the sixty-day window must be denied. *Ichinose*, 946 F.2d at 1172-73; *In re Young*, 425 B.R. at 816 ("[T]he Court has no power, after the bar date for filing a complaint has passed, to extend the time to file a complaint . . . .").

A creditor may, however, ask the court for an extension of the filing period under Rule 9006. FED. R. BANKR. P. 9006(b)(3). In effect, Rule 9006 provides that after notice and a hearing, a court may grant an extension *for cause* to any party in interest.[1] *See* FED. R. BANKR. P. 4004(b), 4007(c), 9006(b)(3) (emphasis added). "Cause" does not mean, "just because I ask"; instead, the creditor must show a "compelling" reason "why it was not able to comply with the deadline originally set." *In re Garner*, 339 B.R. 610, 611 (Bankr. W.D. Tex. 2006) (finding the creditor's request for more time to seek additional information insufficient "cause" where the creditor produced "no evidence" in support of its motion). For example, a bankruptcy court determined that a motion, though timely filed, failed to allege adequate cause for extension when

---

[1] Note, Rule 9006(b)(3) points back to Rules 4004 and 4007. It states that a "court may enlarge time for taking action under Rules . . . 4004(a) [and] 4007(c) . . . only to the extent and under the conditions stated in those rules." The standard stated above is "the extent and under the conditions" stated in Rules 4004 and 4007.

3

the creditor claimed the debtor was not cooperative in providing him with necessary documents. *See In re Littell*, 58 B.R. 937, 938 (Bankr. S.D. Tex. 1986). The court reasoned the creditor should have examined the debtor and his financial records, and perhaps conducted a Rule 2004 examination, prior to the expiration of the time limit. *Id.*

Three days prior to the deadline, Carter filed his motions for a 2004 examination and to enlarge the time to file his discharge/dischargeability complaint. Though the requests are timely made, Carter's excuse, made through counsel, for not earlier requesting the 2004 examination of Silverman is not compelling. That counsel was busy with or distracted by other matters does not rise to the level of cause required by the Rules for an extension. Allowing an extension under the facts here would render the cause standard standardless. Carter's request for additional time to file a discharge/dischargeability complaint is denied. The request for the examination is also denied.

Upon the foregoing, it is hereby

ORDERED that Carter's motions to enlarge time to file a complaint objecting to discharge or dischargeability and to conduct a 2004 examination of Silverman are denied.

### End of Memorandum Opinion and Order ###